FILED
DALLAS COUNTY
1/21/2015 3:43:50 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-00692 _____

| | | |
|---|---|---|
| MARIA RODRIGUEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | M-298TH___ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Maria Rodriguez, files this Original Petition and Request for Disclosure against Defendant, State Farm Lloyds, and alleges as follows:

### A. DISCOVERY-CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 1 and affirmatively pleads that this suit is governed by the expedited-actions process in Tex. R. Civ. P. 169.

### B. RELIEF

2. Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Tex. R. Civ. P. 47(c).

### C. PARTIES

3. Plaintiff, Maria Rodriguez, is an individual who resides in Dallas County, Texas.

4. Defendant, State Farm Lloyds, is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in

1



Texas or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. It can be served with citation by serving its registered agent for service of process, Rendi Black /co State Farm Lloyds, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, Texas 75252-5727.

### D. JURISDICTION

5. The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### E. VENUE

6. Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County and the insured property that is the basis of this lawsuit is also located in that county.

### F. CONDITIONS PRECEDENT

7. All conditions precedent to recovery have been performed, waived, or have occurred.

### G. FACTUAL BACKGROUND

8. Plaintiff timely paid her insurance premiums and is the holder of an insurance policy issued by Defendant.

9. Plaintiff owned the insured property, which is located at 1520 Nolte Drive, Dallas, Texas 75208.

10. Defendant or its agent sold the policy insuring the property to Plaintiff.

11. On or about May 8, 2014, a severe wind and hailstorm struck the Dallas, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's home.

12. In the aftermath of the storm, Plaintiff submitted a claim to Defendant under the policy for roof damage and water damage the home sustained as a result of the hail and wind. Plaintiff asked that Defendant cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

13. Defendant assigned claim number 43-5F37-735 to Plaintiff's claim and Defendant hired and/or assigned an adjuster to adjust the claim.

14. Defendant and/or its agent improperly adjusted Plaintiff's claim. Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's home, as well as the amount of insurance coverage for Plaintiff's loss under the policy. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiff, either knowingly or recklessly. Defendant made these false representations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff relied on Defendant's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's home. Plaintiff has been damaged as a result of that reliance.

15. Because Defendant underpaid Plaintiff's claim, Plaintiff has not been able to properly and completely repair the damage to Plaintiff's home. This has caused additional damage to Plaintiff's home. Defendant also advised Plaintiff as to how Plaintiff could repair the home so at to prevent further damage. This advice, however, was false because Plaintiff could not properly repair the home and prevent future damage by following Defendant's advice due to

Defendant's failure to pay for damages covered under the policy.

16. Defendant misrepresented that the damages caused by the wind and hailstorm were only approximately $1700. However, Defendant's misrepresentations were false because Plaintiff's damages exceed $13,500.

17. Defendant failed to properly adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for the type of losses suffered by Plaintiff.

18. These false representations allowed Defendant to gain financially by wrongfully denying at least a portion of Plaintiff's claim.

19. Plaintiff's claim remains unpaid and Plaintiff has not been able to properly repair the home.

20. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, Defendant failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

21. Defendant misrepresented to Plaintiff that some of the damage to the home was not covered under the policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

22. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its litigation to Plaintiff under the policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

23. Defendant failed to explain to Plaintiff why it offered an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

24. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

25. Defendant refused to fully compensate Plaintiff under the terms of the policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the home. Defendant's conduct constitutes a violation of the Texas Insurance Code. Tex. Ins. Code 541.060(a)(7).

26. Defendant failed to meets its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim

and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

27. Defendant failed to accept or deny Plaintiff's entire claim within the statutorily mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

28. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

29. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff in this case.

## H. CAUSES OF ACTION

### BREACH OF CONTRACT

31. Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32. According to the insurance policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiff's property has been damaged.

33. Defendant's failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered damages as are described in this petition.

### VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35. Defendant's acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements or forms that it reasonably believed at that time would be required from Plaintiff for her claim. As a result, Defendant has violated Section 542 by failing to accept or reject

Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim.

36. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendant owes Plaintiff any additional monies on Plaintiff's claim, and then Defendant has automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

39. Specifically, Defendant's violations of the DTPA include, without limitations, the following matters: By its acts, omissions failures, and conduct, Defendant has violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendant's violations include, without limitation, (1) its unreasonably delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46(b)(2).

40. Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have.

41. Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendant represented that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

42. Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendant advertised its insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

43. Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendant represented to Plaintiff that its insurance policy and its adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have.

44. Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

45. Plaintiff is entitled to recover under Section 17.46(b)(12 and (20) and 17.50(a)(2) of the DTPA because Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy.

46. Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendant's actions are unconscionable in that it took advance of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

47. Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendant's conduct, acts, omissions, and failures are unfair practices in the business of insurance.

48. All of the above-described acts, omissions and failure of Defendant are a producing cause of Plaintiff's damages as described in the petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50. Plaintiff has satisfied all conditions precedent to bring this cause of action.

51. By its acts, omissions, failures and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, as described in Plaintiff's factual allegations, Defendant is guilty of the following unfair insurance practices:

    a. Engaging in false, misleading and deceptive acts or practices in the business of insurance;

    b. Engaging in unfair claims settlement practices;

  c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

  d. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear'

  e. Failing to affirm or deny coverage of Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

  f. Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiff's claim or the offer of settlement.

52. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

53. Plaintiff's damages resulted from Defendant's conduct.

54. Defendant's acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. Plaintiff incorporates paragraphs 1-54 as if fully set forth herein.

55. By its acts, omissions, failure and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's

entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

57. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of Defendant are a proximate cause of Plaintiff's damages.

### I. WAIVER AND ESTOPPEL

58. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### J. DAMAGES

59. The above-described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

### K.  ADDITIONAL DAMAGES

60.  Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

### L.  EXEMPLARY DAMAGES

61.  Defendant's breach of its duty of good faith and fair delaine owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects in citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### M.  ATTORNEY'S FEES

62.  As a result of Defendant's conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### N.   JURY DEMAND

63.   Plaintiff asserts her right to a trial by jury, under Texas Constitution Article I, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00 as required by Texas Government Code Section 51.604.

### O.   REQUEST FOR DISCLOSURE

64.   Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### P.   PRAYER

Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 205
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 910-6350 (Fax)


By: /s/ Jessica Taylor
    JESSICA TAYLOR
    Texas State Bar No. 24013546
    jessica@jtaylorlaw.com

**ATTORNEY FOR PLAINTIFF**